## HENRY NATHAN vs. THE ADMINISTRATORS OF THE ESTATE OF F. R. VIDA.

DECEMBER, 1852. DECISION OF CHIEF JUSTICE LEE.

A judgment creditor is not entitled to a priority of payment, over creditors by simple contract, out of the estate of a party deceased insolvent.

On the filing of the account of the Administrators of the estate of F. R. Vida, showing assets in their hands, Mr. Nathan, who is a judgment creditor, comes in and moves the court to order the Administrators to pay his debt in full, out of the assets in their hands, though the estate is insolvent, on the ground that a judgment creditor is legally entitled to a priority of payment over the creditors by simple contract. In other words, we are asked to adopt the order of preference prescribed by the rules of the common law, by which Nathan in this case would be entitled to a priority of payment over the other creditors.

The order of paying debts established by the common law is, to pay, first, the funeral charges and the expenses of the Probate court, then, the Executor or Administrator is allowed to pay himself first among debts of equal degree; next in order of payment are debts due to the king or state; then, debts of record, as judgments, recognizances and final decrees; next, debts due for rent, and debts by specialty, as bonds and sealed notes; and lastly, debts by simple contract. Among this latter class, debts due for servants wages and workmen, are entitled to a preference. It is said the civil law gave no preference to creditors, except as to debts incurred for funeral expenses, and the expenses of the administration and debts by mortgage. The heir paid himself first, and he might pay the first creditor who came. (2 Kent, 416 ) It did, however, prefer debts of the crown to simple debts, where there was no mortgage. (1 Bro. Civil Law, 308.) 'Tis true, we have the power to adopt the rules of the common law and also of the civil law, under certain restrictions, and we have adopted them on this subject, so far as to allow Executors and Administrators to pay funeral expenses and the expenses of the

administration in preference to all other debts; for this is consonant with justice and the laws of all civilized countries.  But beyond the adoption of this salutary principle of the common law in relation to funeral expenses and probate costs, we have not gone; and the question now arises for the first time, whether we shall go further and adopt that rule of the common law which gives judgment creditors a preference.  I think we should not.  In natural justice, and in the forum of conscience a record debt possesses no higher dignity and no greater claim to priority of payment than a simple contract debt. There is justice in giving a preference to funeral expenses, which must be obvious to all, and perhaps we might go further, and say that it would be just to give a preference to debts due for the expenses of the last sickness, and for servants wages and workmen; but I can see no equity whatever in granting the preference asked for in this case.  I can see no sound reason why in the case of an insolvent estate, we should say to creditors, get judgments for your debts, and then you will be entitled to a preference of payment; for this would only encourage a race of diligence among creditors, each striving for an undue mastery and preference, one which would harass the executor or administrator with a multiplicity of suits, eat up the assets with costs, and, to my mind, work manifest injustice.  I do not accede to the argument, that he who is most diligent or active in prosecuting his claim, or in other words, he who first comes should be first served, but hold to the more equitable doctrine that the debtor's estate is equally bound to satisfy all the creditors, and that where there is a deficiency of assets, it should be distributed rateably among them all.  Of course where there are mortgages on the lands or legal liens resting upon them, which is not the case in this instance, they cannot be put aside to allow other creditors to come in and share the property *pro rata.*  Motion refused.